### KURTZ, STUBOECK & CO. v. UNITED STATES.

### C. SCHMITZ & CO. v. SAME.

(Circuit Court, S. D. New York. December 16, 1904.)

Nos. 3,499, 3,500.

CUSTOMS DUTIES—CLASSIFICATION—STRAW LACE.

Straw lace sewed with thread which constitutes a substantial element of its cost, and without which the material could not be held together or be a merchantable article, is not within the provision in paragraph 409, Tariff Act July 24, 1897, c. 11, § 1, Schedule N, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673], for lace composed "wholly" of straw, but is dutiable as a manufacture in chief value of straw, under paragraph 449 of said act (30 Stat. 193 [U. S. Comp. St. 1901, p. 1678]).

On Application for Review of Decisions of the Board of United States General Appraisers.

The decisions in question affirmed the assessment of duty by the collector of customs at the port of New York on merchandise imported by Kurtz, Stuboeck & Co. and C. Schmitz & Co. Note G. A. 4,687, T. D. 22,124.

Albert Comstock, for importers.

Charles Duane Baker, Asst. U. S. Atty.

PLATT, District Judge. The merchandise in question consists of certain straw lace, stitched or sewed together with a cotton thread. the cotton thread constituting a substantial element of the cost thereof, and, as shown by the evidence, without which the so-called plait or lace could not be held together or be a merchantable article. It further appears from the evidence returned by the Board of Appraisers, and from that taken before the referee in the Circuit Court, that the straw was in its natural form and structure, and formed the component material of chief value in the merchandise. The straw lace was therefore dutiable under the provisions of paragraph 449 of the act of 1897, as classified by the collector, and not as a "braid, plait or lace, composed wholly of straw," under paragraph 409 of said act, as claimed by the importers, as the cotton thread interwoven in the lace was a necessary and a component element in its structure, and without which it would not be a commercial article.

The decision of the Board of General Appraisers is affirmed.